# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Marlon S.T.L., | Civil No. 26-665 (DWF/LIB) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Marlon S.T.L.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition").  (Doc. No. 1.)  Respondents oppose.  (Doc. No. 4.)  For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of Ecuador who has resided in the United States since May of 2024.  (Doc. No. 1 ¶¶ 3, 46.)  Petitioner was previously apprehended by immigration

authorities within the United States and was released subject to an order for supervision. (*Id.*) Petitioner has not committed a crime or violated the conditions of his release. (*Id.*) Petitioner also filed an asylum application that is now pending in the immigration court. (*Id.*) Petitioner has been granted employment authorization by the Department of Homeland Security to work lawfully in the United States. (*Id.*) Petitioner also has a heart condition, had open heart surgery in 2020, and takes daily heart thinner medication. (*Id.* ¶ 47.)

U.S. Immigration and Customs Enforcement agents detained Petitioner on January 26, 2026, in Minneapolis, Minnesota, where Petitioner was living. (*Id.* ¶ 4.) He is currently being detained at Fort Snelling in Minnesota. (*Id.* ¶¶ 5, 9, 48.)

Petitioner filed the Petition on January 26, 2026. (*Id.* at 19.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates due process and the Immigration and Nationality Act. (*Id.* ¶¶ 7, 50-68.) Petitioner requests release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within seven days, and that his personal property and documents be returned to him. (*Id.* at 18-19.) On January 26, 2026, the Court ordered Respondents to answer the Petition on or before January 29, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed a form response. (Doc. No. 4.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That

2

authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248.  (*See* Doc. No. 4.)  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly two years and has a pending asylum application.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens

3

already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3.	Respondents are **ORDERED** to release Petitioner from custody immediately.

4.	Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5.	Respondents are directed to release Petitioner with all personal documents and belongings, such as his driver's license, employment authorization, passport other immigration documents, and cell phone, and without conditions such as ankle monitors or tracking devices.

6.	Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 30, 2026          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge